UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CESPREGI POINDEXTER,

        Petitioner,

                                                    Case No. 1:05-cv-833

v.

                                                    Hon. Wendell A. Miles

KURT JONES,

        Respondent.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on Petitioner Cespregi Poindexter's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation (R&R) dated November 25, 2008, recommending that Petitioner's petition for writ of habeas corpus be denied. Petitioner has filed objections to the R&R. For the reasons that follow, the court overrules Petitioner's objections and adopts the Magistrate Judge's report and recommendation.

This court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); FED. R. CIV. P. 72(b)(2) (permitting a party to "serve and file specific written objections"). The court may accept, reject or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(B).

This matter arose from Petitioner's conviction after a jury trial of two counts of third degree criminal sexual conduct, extortion, and assault with the intent to commit great bodily harm less than murder.[1]  He was sentenced as a second habitual offender to concurrent terms of 107-270 months for each criminal sexual conduct; 71-180 months for assault with intent to commit great bodily harm less than murder; and, 118-360 months for extortion.

According to the testimony of Teresa Poindexter, Petitioner's wife and victim, Petitioner accused her of "messing around."  When Teresa repeatedly denied that she was "messing around," Petitioner beat her with his fists, knocked her to the floor and began kicking her.  He finally ordered her to prepare dinner.  After dinner, Petitioner again began questioning Teresa about "messing around," and when she continued to deny the accusation, he beat her on the head and face with his fists.  Petitioner then retrieved his rifle and loaded it with ammunition.  He struck Teresa in the face with the rifle, knocking out two of her front teeth.  When she fell to the floor, he began choking her.  Petitioner eventually ordered her to undress and he forced her to have sexual intercourse.  The following day, Petitioner renewed his verbal and physical attack on Teresa.  When Petitioner finally left the house, Teresa telephoned the police, who transported her to the hospital.

The officer that responded to Teresa's call, testified that he observed severe facial injuries, missing front teeth, blood inside her eye, and that she was walking as if in pain.  He also observed that the bedroom was in disarray, and the pillow case and bed linen were blood stained.  (Tr. 314- 325).  The emergency room examining physician testified that Teresa had suffered black eyes, redness in the white part of the right eye, and lacerations in her nasal passage and

---

[1]Petitioner was acquitted of two counts of assault with a dangerous weapon and possession of a firearm during the commission of a felony.

inside of her lip. He testified that these injuries were consistent with being beaten with fists. (Tr. 306-07). Teresa also underwent a sexual assault examination. The nurse examiner testified that Teresa sustained black eyes, reddening of her right eye, large bruised areas on her arms and chest, scratches on her chest, and redness and tenderness of her genitals. (Tr. 332-39).

Petitioner raised six grounds for relief in his petition for habeas corpus relief: (1) ineffective assistance of appellate counsel; (2) prosecutorial misconduct; (3) ineffective assistance of trial counsel; (4) denial of right to an evidentiary hearing; (5) denial of Sixth Amendment rights by allowing hearsay statements and false testimony; and (6) a Blakely error in sentencing. The Magistrate Judge found that none of the six claims had merit. Petitioner has objected to the Magistrate Judge's findings as to each of the six grounds for relief. Petitioner, however, has failed to make any specific objections or point to particular parts of the record that support his objections, but rather merely reiterates his original contentions. The court has reviewed the record and the R&R, and agrees with the findings of the Magistrate Judge.

    A. Prosecutorial misconduct

Regarding prosecutorial misconduct, Petitioner's objection in its entirety is that:

> The Magistrate erred in concluding that there was no Prosecutor Misconduct - a review of the entire record clearly shows prosecutorial misconduct by the [comments] which resulted in a fundamental miscarriage or injustice if this Court do not review the merits of this claim.

The Magistrate Judge concluded that this claim was procedurally defaulted, and Petitioner does not challenge that finding. The Magistrate Judge further found that even if the claim was not procedurally defaulted, it had no merit. The Magistrate Judge applied the correct test: whether the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986). Defense counsel

stated in his opening statement that the jury was not at the trial because "of what the defendant did," but because "the prosecutor has brought a charge and brought an allegation . . . ." (Tr. at 118). During closing arguments, the prosecutor commented on defense counsel's earlier statement, stating "after hearing this testimony I hope there's a part of you that says, "Thank God. Thank God we're here. Thank God we get to decide on these charges." (Tr. 376-77). The prosecutor was not commenting on Petitioner's guilt or innocence, and these statements would not mislead or prejudice the jury. The court does not conclude, as does Petitioner, that this was calling on the jury's religious duty to convict. A jury could just as likely be thankful that it had an opportunity to find an innocent person not guilty as to convict a guilty person. The court does not find that this isolated statement infected the trial with unfairness, thereby denying Petitioner due process.

    B.  Ineffective assistance of trial counsel

Petitioner claimed that his trial counsel committed serious errors that resulted in Petitioner being denied effective assistance of counsel. The Magistrate Judge discussed each alleged error, and concluded that none had merit. In Strickland v. Washington, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The defendant bears the burden of overcoming the

presumption that the challenged action might be considered sound trial strategy.  Id. (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

First, Petitioner claims that trial counsel failed to interview the victim's psychologist, which would have revealed her instability and called her credibility into question.  Petitioner does not explain how her "instability" would have undercut the fact that she had been severely beaten, which was established by the medical evidence.  Moreover, the testimony of Petitioner's two young children who were home at the time of the initial beating was essentially consisted with the victim's version of events.  The court does not find that the outcome of the trial would likely have been different had trial counsel interviewed the victim's psychologist.

Next, Petitioner contends that his attorney was ineffective by failing to object to the prosecutor bolstering the victim's credibility by expressing his belief that she was truthful.  It is well-settled that a prosecutor may not vouch for the credibility of a witness by indicating a personal belief in his or her truthfulness.  United States v. Francis, 170 F.3d 546, 550 (6th Cir. 1999).  Here, the prosecutor asked the victim why the jury should believe her allegations that Petitioner beat her, and the witness offered her own explanation.  The prosecutor did not comment on his reasons for believing the witness, nor did he comment on or support her own explanation.  His question cannot be construed as vouching for the victim's credibility.

Petitioner contends that trial counsel was ineffective for failing to object to the prosecutor's closing statement.  As discussed above in the prosecutorial misconduct paragraph, the prosecutor's remarks were not objectionable.  Accordingly, trial counsel's failure to object did not constitute ineffective assistance.

Petitioner argues that he was denied effective assistance of counsel because his attorney

did not inform him of a plea deal offered by the prosecutor.  Generally, a defense attorney's failure to communicate a plea offer to his or her client constitutes deficient performance, which satisfies the first prong of the Strickland test.  Griffin v. United States, 330 F.3d 733, 737 (6th Cir. 2003).   A petitioner may satisfy the prejudice prong of the Strickland test by demonstrating a "reasonable probability" that if he had been notified of the plea offer, he would have accepted it.  Id.; see also Magana v. Hofbauer, 263 F.3d 542, 547-48 (6th Cir. 2001).  Petitioner does not provide any specific facts regarding the plea offer, nor any support for his claim that a plea offer was made.  Without more than Petitioner's unsupported assertion, he has failed to demonstrate that he would have accepted the plea offer.  Accordingly, he has not satisfied the second prong of the Strickland test, and habeas relief may not be granted on this claim.

Petitioner finally contends that the record clearly shows that counsel provided ineffective assistance.  He does not raise any additional alleged errors other than the ones already discussed.  Thus, the court is not persuaded that the claim has merit.

### C. Ineffective assistance of appellate counsel

Petitioner argues that because of appellate counsel's failure to raise the claim of ineffective assistance of trial counsel on appeal, appellate counsel's performance is deficient.  To evaluate a claim of ineffective assistance of appellate counsel, the court must assess the strength of the claim, or claims, appellate counsel failed to raise.  "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal."  McFarland v. Yukins, 356 F.3d 688, 699 (6th Cir. 2004).  "If there is a reasonable probability that [the defendant] would have prevailed on appeal had the claim been raised, [the court] can consider whether the claim's merit was so

compelling that appellate counsel's failure to raise it amounted to ineffective assistance of appellate counsel." Id. at 700.  Because the claim of ineffective assistance of trial counsel has no merit, his claim of ineffective assistance of appellate counsel, likewise, has no merit.

    D.  Ginther hearing

Petitioner claims that he is entitled to habeas relief because the trial court denied his request for a Ginther hearing.  Petitioner argues that the record clearly shows that trial counsel was ineffective so that the trial court abused its discretion in denying a hearing.  Michigan Court Rules allow a defendant to file a motion with the Michigan Court of Appeals to remand a case to the trial court to hold an evidentiary hearing.  MICH. CT. RULE 7.211(C)(1)(a).  Under Michigan law, the trial court may hold a hearing on a post-conviction motion claiming ineffective assistance of counsel.  People v. Ginther, 390 Mich. 436 (1973).  A Ginther hearing is appropriate when the defendant's claim of ineffective assistance of counsel depends on facts not of record.  Id. at 442-43.  The trial court should take testimony if a factual dispute exists.  Id. at 442.  However, it is incumbent on a defendant seeking an evidentiary hearing to show where further elicitation of facts would advance his position.  People v. McMillan, 213 Mich. App. 134, 142 (1995).  Although Petitioner does not claim that the Michigan courts violated their own rules of procedure, the argument would have no merit.  Whether or not the Michigan courts complied with the procedural requirements of Michigan law is not a matter for the federal courts to decide on a petition for habeas relief.  Pulley v. Harris, 465 U.S. 37, 41 (1984); Baze v. Parker, 371 F.3d 310, 322-23 (6th Cir. 2004).  The relevant inquiry is whether the state court's decision violated Petitioner's federal constitutional rights.  Baze at 322.  There is, however, no clearly established federal law announced by the United States Supreme Court that a defendant has a constitutional

right to an evidentiary hearing to establish a claim of ineffective assistance of trial counsel. Accordingly, Petitioner's claim is, at most, as state law claim that is not cognizable in a habeas proceeding.

E. Sixth Amendment

Petitioner's fifth objection is that the Magistrate Judge erred in concluding that his Sixth Amendment rights were not violated where the trial court allowed hearsay statements and false testimony. This claim is unexhausted, but even if exhausted, it would have no merit under the circumstances. Petitioner has failed to identify any hearsay statements against him that were admitted, nor has he identified what portion of the record he claims amounts to false testimony. Petitioner's claim is simply conclusory, and may not provide a basis for habeas relief.

F. Sentencing error

Petitioner's final argument is that the Magistrate Judge erred in concluding that his sentence was proportional. Under People v. Milbourn, 461 N.W.2d 1 (Mich. 1990), the sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range. Id. at 9-10. Milbourn was decided under state, not federal, principles. Atkins v. Overton, 843 F.Supp. 258, 260 (E.D. Mich. 1994). In addressing a claim that a sentence violated Milbourn, the Sixth Circuit stated that the issue was a matter of state law and that there was "no violation of a constitutional right because the United States Constitution contains no strict proportionality guarantee." United States v. Hopper, 941 F.2d 419, 422 (6th Cir. 1991); and see Harmelin v. Michigan, 501 U.S. 957, 965 (1991). Thus, Petitioner's proportionality claim is solely an issue of state law that is not cognizable in a habeas corpus action.

Conclusion

For the reasons discussed above, the Court finds that the Magistrate Judge has made a thorough and accurate review of all appealable issues, and agrees with the reasoning and recommended disposition contained in the Report and Recommendation.

Accordingly, the court OVERRULES the Petitioner's objections (docket #38), ADOPTS the Magistrate Judge's Report and Recommendation (docket. #37), and DENIES the Petition for Writ of Habeas Corpus (docket. #8).

So ordered this 30th day of December, 2008.

                                              /s/ Wendell A. Miles  
                                              Wendell A. Miles  
                                              Senior U.S. District Judge